### 29569.   ALLEN *v.* THE STATE.

DECIDED APRIL 25, 1942.

*Noah J. Stone, Charles H. Bruce, P. T. Hipp, John E. Feagin, Wyatt & Morgan,* for plaintiff in error.

*L. L. Meadors, solicitor,* contra.

GARDNER, J.   The defendant was indicted jointly with Scott Hogg and Ted Jones for having charged interest on a loan of money at a rate greater than five per cent. per month. The indictment was transferred to the city court of LaGrange. The defendants demurred to the indictment. The demurrers were overruled and exceptions pendente lite were filed. The defendants were tried together and the same evidence was involved. The court directed a verdict of not guilty as to Hogg. The jury acquitted Jones and returned a verdict of guilty against Allen.

The evidence for the State showed that the transaction in question, which involved an alleged loan to Dean Freeman of $6 with interest payment of thirty cents per week, was negotiated by Ted Jones, the agent of Georgia-Alabama Credit Company, through

its office at West Point, Georgia. It appeared from the evidence, in effect, that Freeman paid the thirty cents per week for the use of the $6. It appeared that one Dave Ferrell would go to the office and give instructions. There was also in the office a stenographer, Mrs. Catchings, who mailed reports to the General Audit and Management Company in Atlanta. The instrument executed for the $6 was signed by Freeman. His wife did not sign it, although Freeman was married at the time. The instrument purported to be for the purpose of purchasing a salary. There was no testimony that Allen knew of the transaction, participated in it, gave any instructions with reference to it, or ratified it. There was no evidence that Allen had access to the office in West Point during the periods of the transaction involved in the indictment or in any of the transactions mentioned in the evidence.

For evidence to connect Allen with the offense the State relied on an affidavit which had been filed with the ordinary of Troup County in 1938, which read as follows: "Georgia, Troup County. Personally appeared before me Gardner B. Allen, who on oath deposes and says that Gardner B. Allen, 2862 Lenox Road, Atlanta, Georgia, Scott Hogg, 44 Muscogee Avenue, N.W., Atlanta, Georgia, are the sole owners of and doing business in Troup County, at West Point, Georgia, under the name and style of Georgia-Alabama Credit Company. This affidavit is made in accordance with the act of the Georgia legislature approved August 15, 1929. Gardner B. Allen."

The date of the transaction complained of in the indictment was September 1, 1939. The defendant in his statement contended, with reference to this feature, that as an attorney he organized the Georgia-Alabama Credit Company; that he represented several enterprises engaged in the business of salary buying; that in this particular case his clients desired, in the fall of 1938, to immediately organize the business in West Point, and that for this purpose sufficient money was turned over to him as trustee to start the business; that as an attorney and trustee for the true owners he made the above affidavit; that he thus held title to the assets of the company as trustee for a few weeks, and that during that time no law was violated. We have read the evidence carefully and it does not reveal the connection of the defendant with the transactions complained of in any way except as above related.

After the defendant was convicted he filed a motion in arrest of judgment on the ground that the acquittal of Jones rendered repugnant and inconsistent a verdict of guilty against him. This motion was overruled. He thereafter filed a motion for new trial based on the general grounds and added twelve special grounds by amendment. The judge overruled the motion and the defendant excepted.

1. The court did not err in overruling the demurrer to the indictment.

2. Ground 1 of the amended motion contains in substance the contentions which were urged in the motion in arrest of judgment, and additionally contends that the evidence was not sufficient to sustain the verdict. We feel that the case is controlled by the errors assigned in the general ground.

3. Under the whole facts of the case we find no reversible errors set out in grounds 2 to 12 inclusive.

4. As we view the case it is unnecessary to pass on the assignment of error based on the denial of the motion in arrest of judgment.

5. As to that portion of the amended motion which in its terms in effect is the same as the errors urged under the general grounds, and under the general grounds, we feel that the case should be reversed. If it be contended that the defendant and Jones conspired to commit the offense alleged in the indictment, then it would necessarily follow that the acquittal of Jones would be inconsistent with the conviction of Allen. If it be conceded that Allen was interested as owner, the evidence failed to show that he procured, counseled, aided, abetted, or had any knowledge of, the transaction consummated by Jones with Freeman with reference to the transaction set forth in the indictment, or any other transaction of a similar nature set forth in the evidence. If it be conceded that the defendant was interested as owner or part owner of the business during the period of time covered by the evidence with reference to the transactions involved, this, without more, would be insufficient to authorize a verdict of guilty against him under the evidence in this case.

*Judgment reversed. Broyles, C. J., concurs. MacIntyre, J., concurs in the result, but not in all that is said in the opinion.*